IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01703–REB–KMT

BARBARA URYNOWICZ,

    Plaintiff,

v.

JOHNSON & JOHNSON,
ORTHO-MCNEIL PHARMACEUTICAL, INC., and
JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT, LLC,

    Defendants.

---

**ORDER**

---

This matter is before the court on "Defendants' Unopposed Motion to Stay Proceeding Pending Transfer Order of the Judicial Panel on Multidistrict Litigation" (Doc. No. 10, filed September 22, 2011).

Defendants request a stay of proceedings pending a decision by the Judicial Panel on Multidistrict Litigation (JPML) regarding the transfer of this case to MDL No. 1943. The parties expect the JPML to issue an order conditionally transferring this case imminently.

"The Court has broad discretion to stay proceedings as incidental to its power to control its own docket." *Lundy v. C.B. Fleet Co., Inc.*, No. 09-cv-00802-WYD-KLM, 2009 WL 1965521, at *1 (D. Colo. July 6, 2009) (citations omitted); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30,

2006). "As a general rule, 'courts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case." *See Lundy*, 2009 WL 1965521, at *1 (quoting *Good v. Prudential Ins. Co. of America*, 5 F.Supp.2d 804, 809 (C.D. Cal. 1998)).

The court concludes that stay of proceedings is appropriate here. The court first considers whether the interests of the parties would be served by a stay. *See String Cheese*, 2006 WL 894955, at *2 (balancing prejudice of stay to the non-moving party, the plaintiff, against any undue burden of going forward on defendant). Here, the parties agree that a stay of proceedings is in their best interests. Further, an order conditionally transferring this case is expected imminently, which minimizes any potential prejudice to any party.

The court also considers its own convenience, the interests of nonparties, and the public interest in general. *See String Cheese*, 2006 WL 894955, at *2. None of these factors prompts the court to reach a different result. The court finds that granting the stay will promote judicial economy and efficiency. *See Lundy*, 2009 WL 1965521, at *1–2 (concluding "judicial economy . . . best served by granting a stay pending the MDL Panel's decision"); *Lilak v. Pfizer Corp., Inc.*, No. 08-cv-02439-CMA-KLM, 2008 WL 4924632, at *3 (D. Colo. Nov. 13, 2008) (reasoning stay pending transfer to MDL appropriate because judicial economy best served by case being considered as part of MDL); *Franklin v. Merck & Co., Inc.*, No. 06-cv-02164-WYD-BNB, 2007 WL 188264, at *2 (D. Colo. Jan. 24, 2007) (finding that pending transfer to MDL "granting a stay would promote judicial economy and help insure consistent pretrial rulings"). Because the parties agree that a stay is appropriate and the court agrees that awaiting a ruling from the MDL panel will conserve judicial resources and avoid the issuance of

rulings on discovery and substantive motions inconsistent with those issued by other federal courts, the court will enter the stay. *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360–62 (C.D. Cal.1997) (granting stay where motion to transfer and consolidate cases into MDL proceeding pending before MDL Panel and noting that "a majority of courts" have concluded that such a stay appropriate and conserves judicial resources). Finally, the court does not find that this case triggers a compelling nonparty or public interest that requires a different result.

Accordingly, it is

ORDERED that the "Defendants' Unopposed Motion to Stay Proceeding Pending Transfer Order of the Judicial Panel on Multidistrict Litigation" (Doc. No. 10) is GRANTED. This case is STAYED until such time as the MDL Panel issues an order conditionally transferring this case to MDL No. 1943. The Scheduling Conference set for October 4, 2011, and all deadlines associated with the Scheduling Conference are VACATED. The parties shall file a status report within five days of the date the MDL Panel issues its order to advise whether the Scheduling Conference should be reset.

Dated this 23rd day of September, 2011.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge